## Case No. 4,487.

### ENGLAND v. THOMPSON et al.

[3 Cliff. 271.][1]

Circuit Court, D. Massachusetts. May Term, 1869.

---

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

T. L. Wakefield, for plaintiff.
Converse and Kelly, for defendants.

Before CLIFFORD, Circuit Justice, and LOWELL, District Judge.

CLIFFORD, Circuit Justice. The theory of the plaintiff is that the defendants constructed another tannery, in addition to the one occupied by them at the time the license was executed, and he alleges that they have wrongfully constructed and used his patented improvements in their new tannery, and claims damages on that account. He also claims damages for the use of the same, from the expiration of the first letters-patent to the end of the original term of the second letters-patent, embracing a period of three years and six months, and also from the date of the renewal of the second letters-patent to the date of the writ. Denied as the several claims are by the defendants, they will be separately considered, and also because they are based upon entirely different facts and circumstances.

No question is made as to the validity of the patent, and the defendants virtually admit that they have used the improvements of the plaintiff during the whole period, as alleged in the declaration. Considered in the order adopted at the argument, the first question presented for decision is, whether the defendants have used the patented improvement in any tannery other than the one they occupied at the date of the license. They never had but one license, and they deny that they ever used the patented improvement in any tannery other than the one therein described, and the plaintiff, in the view of the case taken by the court, fails to sustain any such claim. Undoubtedly the defendants enlarged their tannery subsequently to the date of the license, and the evidence shows that they constructed in the new part of the same some twenty-eight or thirty new vats, in twelve of which they used the patented improvements belonging to the plaintiff. Indefinite as the evidence is, it is not possible to give any precise description of the location of the old part of the tannery, except that it bordered upon a brook, which flowed past it, on one side, and that the new part or enlargement was constructed on the opposite side of the stream, some fifty or a hundred feet distant, but it appeared that when the enlargement was made, the engine and beam-house in the old part were moved to a new locality, for the use of both, showing to the satisfaction of the court that what was done by the defendants was properly to be regarded as an enlargement of the old tannery and not as the construction of a new one, as supposed by the plaintiff. When the license was granted, the defendants had in their tannery one hundred and sixty-nine bark vats, and by the terms of the license they acquired the right to make, construct, and use the patented improvement to the extent and capacity of their tannery, embracing one hundred and sixty-nine bark vats, containing sixteen thousand seven hundred cubic feet, and the provision was, that they might enlarge the vats, or increase the number, by paying an additional patent-fee, in the same proportion as that stipulated in the license for the vats previously constructed, but they never put the improvement into one third part of the vats which were in the tannery at the date of the license, nor did they ever use the improvement in vats containing in the aggregate one half the number of cubic feet, as authorized by the terms of that instrument. Viewed in any light, the first ground of claim set up by the plaintiff is not supported by the evidence.

Authority to make, construct, and use both the patented improvements of the plaintiff was granted to the defendants by the license to June 19, 1861, when the term of the first letters-patent expired, but the term of the second letters-patent, as originally granted, extended for three years and six months longer, and the evidence shows to a demonstration, that the defendants continued to use that improvement throughout that entire period without consent or license of the plaintiff, and in spite of his objections and repeated remonstrance. Although informed by the plaintiff that their license had expired, and requested to take a new one, the defendants refused so to do, or in any manner to recognize the right of the plaintiff, insisting that they were still protected in using the improvement under the old license by virtue of the stipulation therein contained, that if they wished to continue to use the improvement in their tannery, for what remained of the term of the second letters-patent, when the term of the first letters-patent expired, they might do so by paying an additional patent-fee, equal to one half the amount agreed to be paid for the term which expired with the term of the first letters-patent, and they still insist that they lawfully continued to use the improvement under that stipulation in the old license, and that the only remedy for the plaintiff is an action of assumpsit to recover the additional patent-fee; but the court is of a different opinion, for several reasons: Because the license expired with the term of the first letters-patent. Because the stipulation in question is but an agreement to grant an extension of the license which the defend-

ants might take or refuse. Because, if they elected to refuse the license, and did not use the improvement, the plaintiff would have no cause of action, and consequently if they elected to take it, they must pay the required additional patent-fee before they could acquire the right to use the improvement beyond the time of the first letters-patent. Regarded as a license, there is much force in the suggestions of the defendants that the payment of the patent-fee is not a condition precedent to the right to use the improvement, but the stipulation is nothing more than an agreement to grant a license, should the defendants elect to take one, on the conditions therein specified, and when viewed in that light it is clear that the plaintiff is right, and the defendants liable as infringers, as they refused to take the license or to pay the additional patent-fee as stipulated in the old license.

Extended remarks upon the third ground of claim set up by the plaintiff is unnecessary, as the use of the improvement under the extended term of the letters-patent to the date of the bill of complaint is admitted, and as it appears that all right of the defendant to use the improvement under the license had ceased three years and six months before the certificate of renewal took effect. Suggestion was made at the argument that the case is controlled by the rule laid down in the case of Chaffee v. Boston Belting Co., 22 How. [63 U. S.] 222, but it is obvious that the two cases are wholly unlike, as the instrument in this case is a license, and not an assignment, and also because the right of the defendant to use the improvement in question had terminated three years and six months before the certificate of renewal was granted.

Referred to a commissioner to report the actual damages sustained by the plaintiff, subject to the revision of the court, and when the amount of the damages is ascertained the plaintiff to be entitled to judgment